# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6907 | **DATE** | 3/8/2011 |
| **CASE TITLE** | Peter Papaleo (2007-0024222) vs. Keska, et al., | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [76] is accepted. Previously dismiss Defendant Thomas Dart remains dismissed. The Clerk shall issue summonses for service of the amended complaint [76] to Defendants Kevin Joy, Star # 11336; Charles Augustyriak, Star # 10846; Walter Goodyear, Star # 10769; Joseph Coppolillo Star # 10983; and Deputy Keska. Cook County remains a Defendant in this action for purposes of aiding in effecting service as set forth in the Court's 9/22/10 order. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for leave to proceed *in forma pauperis* [77] is denied as moot; Plaintiff was allowed to proceed *in forma pauperis* on 1/21/10.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Peter Papaleo, presently a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an amended complaint naming the previously unknown Defendants alleged to have used excessive force against him.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of Plaintiff's submitted amended complaint brought against governmental entities or employees.

Plaintiff alleges as follows. On August 7, 2009, while at the Bridgeview Courthouse, Cook County Officer Charles Augustyriak used excessive force when he handcuffed Plaintiff's wrist behind his back. Officer Walter Goodyear then, using brutal force, threw Plaintiff, head first, to the floor of an elevator. When the elevator arrived at the lower floor, other officers, including Kevin Joy, Joseph Coppolillo, and Deputy Keska, "tossed [Plaintiff] around" causing Plaintiff to lose consciousness.

The newly-identified Defendants must respond to the amended complaint.

The Clerk shall issue summonses for service of the amended complaint on Defendants Kevin Joy, Star # 11336; Charles Augustyriak, Star # 10846; Walter Goodyear, Star # 10769; Joseph Coppolillo Star # 10983; and Deputy Keska.

The United States Marshal's Service is appointed to serve Defendants Kevin Joy, Star # 11336; Charles Augustyriak, Star # 10846; Walter Goodyear, Star # 10769; Joseph Coppolillo Star # 10983; and Deputy Keska. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections and/or County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

| **STATEMENT** |
|---|
| Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |